UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO JOSE MENDOZA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ANDRE MATEVOUSIAN,<br><br>　　　　　Respondent. | Case No. 1:18-cv-00455-JDP (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND ALL PENDING MOTIONS<br><br>ECF Nos. 1, 11, 17 |

Petitioner Pablo Jose Mendoza, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a magistrate judge. ECF Nos. 10, 14. Petitioner has not exhausted available administrative remedies, and his petition fails on the merits, so we will deny the petition. We will also deny all pending motions.

**I.　Background**

Petitioner was convicted of possessing 5 kilograms of cocaine with the intent to distribute and was sentenced to 120 months in prison. After serving most of his sentence, he asked to be placed at a Residential Reentry Center ("RRC"), also known as a half-way house. Petitioner's case manager recommended a one-year placement at an RRC, but prison officials ultimately allowed petitioner only 124 days of RRC placement. Petitioner filed an inmate grievance with the Federal Bureau of Prisons ("BOP"), and Warden Andre Matevousian denied relief at the first level of the BOP's three-level grievance review process, writing that the BOP had denied

1

petitioner's request for a one-year placement because of budgetary limitations. Petitioner filed a second-level appeal with the regional director, but has not attempted to complete the third level of review.

**II.     Preliminary Matters**

We begin with three preliminary matters: First, respondent moves to dismiss the petition for lack of jurisdiction. *See* ECF No. 16 at 2-4. A habeas petition under Section 2241 may challenge the manner, location, or conditions of a sentence execution. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). We have subject matter jurisdiction over Section 2241 petitions challenging the BOP's policies on RRC placement. *See* ECF No. 8 at 2 (Thurston, J.); *Gonzales v. Lake*, No. 18-cv-499, 2018 WL 6184606, at *2 (E.D. Cal. Nov. 27, 2018); *see generally Sacora v. Thomas*, 628 F.3d 1059 (9th Cir. 2010); *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008).

Second, after consenting to the jurisdiction of a magistrate judge, petitioner filed a motion "for Ex Parte Emergency Appeal to District Court Judge of Magistrate's Order [denying expedited review]." ECF No. 11. Petitioner has not filed a motion to withdraw his consent, and we will not construe his motion as such. *See Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (reasoning that plaintiff's statement in his response to order requiring status report that he chose not to consent to magistrate judge's handling his case did not constitute motion to vacate reference to magistrate judge for extraordinary circumstances necessary to withdraw his prior consent to trial before magistrate judge). Notably, a party has no absolute right in a civil case to withdraw consent to proceed before a magistrate judge. *See id*. at 480. The court may consider a motion to withdraw consent in "extraordinary circumstances," but petitioner has not shown such circumstances here. *See id*.; Fed. R. Civ. P. 73(b)(3). This case will proceed before a magistrate judge.

Third, the petitions filed by Pablo Jose Mendoza in this case and the petition filed by Robert Gonzales in Case No. 18-cv-499 before Magistrate Judge Sheila K. Oberto are nearly identical, and respondents in both cases have raised similar arguments. In Case No. 18-cv-499, an unconsented case, Judge Oberto has recommended that the court deny the petition, *Gonzales*,

2

2018 WL 6184606 (E.D. Cal. Nov. 27, 2018). The court has entered an order accepting Judge Oberto's findings and recommendations, and we will deny the petition in this case for the same reasons articulated by Judge Oberto in Case No. 18-cv-499.

## III. Discussion

The petition fails for two reasons: First, petitioner failed to exhaust his administrative remedies before filing the petition. Second, the petition is meritless.

### a. Exhaustion

Federal courts generally require petitioners to exhaust all available administrative remedies before seeking relief under Section 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Failure to exhaust all available administrative remedies can result in the dismissal of a petition. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). The exhaustion requirement can be waived in Section 2241 cases when the exhaustion of the available administrative remedies would be "futile." *See Ward*, 678 F.3d at 1045.

Here, petitioner concedes that he has not exhausted his administrative remedies but contends that the court should excuse his failure to exhaust. *See* ECF No. 1 at 14. He argues that any attempt on his part to exhaust would have been futile: had he pursued the third level of the BOP's grievance review, he maintains that his grievance would have been denied based on the BOP's policy of placing inmates based on budgetary limitations.

Indeed, the BOP cited budgetary limitations in justifying the length of plaintiff's RRC placement. In a notice denying his grievance at the first level of review, the warden wrote:

> A review of this matter indicates your assigned Unit Team did in fact submit you for one year (365 days) of RRC placement. As you are likely aware, some changes recently came into effect, which are, intended to ensure the RRC program remains within federal budgetary allocations. These changes include the discontinuation of sixteen (16) RRC contracts, and the shortening of the length of stay for Bureau of Prisons inmates in RRCs, with the new average length of stay declining to about 120-125 days. Given you have been granted a 124 day placement, you are well within the new average length of stay range. Individual facilities within the Bureau of Prisons have no control over these changes. While Unit Teams in various facilities make recommendations with regard to the length of time an inmate may spend in any RRC, the length of stay each individual inmate is granted has always been at the sole discretion of the RRM.

3

> Therefore, based on the above information, your Request for
> Administrative Remedy is denied.

ECF No. 1 at 38. Apart from "budgetary allocations," the warden did not provide a reason why petitioner received only a 124-day placement at an RRC.

BOP policy, however, provided that staff were to evaluate each inmate's placement on a case-by-case basis. A memorandum from the BOP, dated October 10, 2017, provided as follows:

> The average length of stay for BOP inmates in RRCs has increased in recent years to approximately 145 days. Due to fiscal constraints and the contract actions described above, the average length of stay is likely to decline to about 120-125 days. *RRMB staff will continue to carefully assess, on a case-by-case basis, each inmate's programming needs and determine the appropriate length of stay for each placement.* This action is consistent with the discussion the RRMB Administrator, Jon Gustin, recently had with all CMCs.
>
> We continue to carefully examine all cases to ensure compliance with the Second Chance Act and to ensure that inmates who are participating in the Residential Drug Abuse Program receive the required amount of community based treatment to remain eligible for any early release benefit granted under 18 USC 3621(e).

ECF No. 16 at 11 (emphasis added).

Rather than embodying BOP policy, then, the notice from the warden may have run afoul of the Bureau's policy.[1] We have no reason to believe that a challenge to the warden's determination would be futile if made through the BOP's grievance process. We should give the BOP an opportunity to consider the issue fully; this is the point of requiring exhaustion of administrative remedies. *See Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("As for the possibility that administrative remedies could be declared futile *ex ante*, without ever being tried: what would be the point of asking judges to be seers?"). We see no reason to suspend the exhaustion requirement here.

**b. Merits**

The petition fails on the merits as well. Petitioner did not challenge the BOP policy on

---

[1] Petitioner apparently recognized this. Even as he maintained that BOP policy provided for RRC placement based on budgetary concerns, he also argued that the warden's statement was "contrary to" the BOP's policy and cited the BOP's publications. *See* ECF No. 1 at 14, 22, 26-31.

4

RRC placement when he filed his petition. Instead, as discussed above, petitioner appears to have assumed that the response from the warden—citing budgetary limits in denying plaintiff's grievance—reflected the BOP's policy. After respondent filed a copy of the October 2017 memorandum in opposition to the petition, petitioner now argues for the first time in his traverse[2] that the BOP's policy stated in the October 2017 memorandum—stating that the average duration of an RRC placement would decrease—was unlawful. *See* ECF No. 18 at 4-5. We construe plaintiff's argument to be a challenge to the BOP policy on the ground that it violates sections 3621(b) and 3624(c) of Title 18, which govern the BOP's decision to place an inmate at an RRC.[4]

Under sections 3621(b) and 3624(c), the BOP cannot categorically exclude an inmate from placement at an RRC, and the BOP must consider five factors in making a placement decision: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b); *accord* 18 U.S.C. § 3621(c); *Rodriguez v. Smith*, 541 F.3d 1180, 1184 (9th Cir. 2008).

We find the Ninth Circuit's decision on *Sacora v. Thomas* instructive. 628 F.3d 1059 (9th Cir. 2010). In *Sacora*, the Ninth Circuit held that a BOP policy was "facially consistent" with Sections 3621(b) and 3624(c) when the BOP policy stated "that six months in a RRC constitutes a

---

[2] Given that the petition lacks merit, we need not consider whether petitioner waived this argument by failing to raise it earlier.

[4] A memorandum from the BOP that does not purport to carry the force of law and that was not adopted through notice-and-comment rulemaking does not warrant the court's deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *See Sacora v. Thomas*, 628 F.3d 1059, 1066 (9th Cir. 2010). But the court may still owe a degree of deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), in which the Supreme Court stated that "the weight accorded to an administrative judgment . . . will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control," *id.* at 1067.

sufficient duration in most cases, but that each inmate is eligible for a 12-month placement and must be considered for placement in a RRC on an individual basis." *Id*. at 1065-68. According to the Ninth Circuit,

> [T]he *ultimate point of reference for RRC placement decisions under § 3624(c) is the set of factors set forth in § 3621(b)*, including the resources of the facility contemplated, the nature and circumstances of the offense, and the history and characteristics of the prisoner. . . . Given the statutory mandate that the BOP consider the resources of the facility to which it is considering designating a given prisoner when making placement decisions, it is not unreasonable for the agency to conserve the resources of RRCs by applying an extra check on the longest placements in RRCs. In addition, the BOP's decision to require unusual circumstances demonstrating a need for longer placements is persuasive given Congress' expressed purpose in enacting the SCA "to assist offenders reentering the community from incarceration . . . by providing sufficient transitional services for *as short of a period as practicable*."

*Id.* at 1067 (quoting 42 U.S.C. § 17501(a)(5)) (emphasis added).

Here, as in *Sacora*, petitioner has not shown that the BOP policy, to the extent that it was stated in the October 2017 memorandum, was inconsistent with Sections 3621(b) and 3624(c). The October 2017 memorandum stated only that the average length of an inmate's stay at an RRC "is *likely* to decline to about 120-125 days" from 145 days, ECF No. 16 at 11 (emphasis added); the memo appears to be stating a prediction rather than establishing a limitation on the duration of an inmate's RRC stay. In any event, to the extent that the memorandum stated a policy, it did not suspend the BOP's obligation to consider each individual inmate's placement on a case-by-case basis. On the contrary, the memorandum states that prison staff will carry out individualized evaluations. *See id*. We see no statutory violation.

In sum, we will deny the petition based on (1) petitioner's failure to exhaust his administrative remedies and (2) the petition's lack of merit. Because petitioner is a federal prisoner and seeks habeas relief under Section 2241, the court need not consider whether to issue a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

**IV. Order**

1. The petition for a writ of habeas corpus, ECF No. 1, is denied.
2. All other pending motions are denied.
3. The clerk of court is directed to enter judgment in favor of respondent and close the case.

IT IS SO ORDERED.

Dated: March 27, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202